# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-2175

———————

United States of America,    *

           *

     Appellee,     *  Appeal from the United States

           *  District Corut for the

    v.        *  Southern District of Iowa

           *

Timmie Durrell Cole, Sr.,   *    [UNPUBLISHED]

           *

     Appellant.    *

———————

Submitted:  May 20, 2008
Filed:  May 23, 2008

———————

Before BYE, SMITH, and BENTON, Circuit Judges.

———————

PER CURIAM.

Federal inmate Timmie Cole, Sr., appeals the district court's denial of his motion for return of $2,450 in cash seized during the execution of a search warrant and arrest, and later forfeited to the government pursuant to administrative forfeiture proceedings under 21 U.S.C. § 881(a)(6).  We reverse and remand.

Cole argued below that he had not received notice of the forfeiture proceedings, whereas the government asserted it had mailed notice of the proceedings to Cole and his attorney, and had received a return receipt indicating that someone in the attorney's office had signed for the notice.  In reply, Cole argued, as relevant to this appeal, that the government failed to submit proof substantiating its attempts to

provide him with notice of the proceedings. Without requiring evidence from the government, the district court denied Cole's motion, concluding that the government's service of notice on Cole's attorney satisfied due process. Because the government did not submit evidence below to support its assertions that it mailed notice of the forfeiture proceeding to Cole's attorney and that someone in the office signed for the mailing, we vacate the district court's order and remand for further proceedings as to the sufficiency of notice regarding the forfeiture proceedings. See Dusenbery v. United States, 534 U.S. 161, 168-71 (2002) (describing what constitutes notice "reasonably calculated" to apprise inmate of forfeiture proceeding); cf. Fed. R. Crim. P. 41(g) (person aggrieved by deprivation of property may move for return of property and court "must receive evidence on any factual issue necessary to decide the motion").

Accordingly, we vacate the district court's order and remand for further proceedings consistent with this opinion.

_____